UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PRECIADO PALAMINOS,<br><br>        Petitioner,<br><br>   v.<br><br>MIKE MCDONALD, Warden,<br><br>        Respondent. | 1:09-cv—1682-OWW-SMS-HC<br><br>ORDER DEEMING PETITIONER'S MOTION FOR CLARIFICATION TO BE A REQUEST FOR A COPY OF THE ANSWER, A NOTICE, AND AN EXTENSION OF TIME TO FILE A TRAVERSE (DOC. 19)<br><br>ORDER DIRECTING THE CLERK TO COPY THE ANSWER AND NOTICE OF LODGING DOCUMENTS AND TO SEND THEM TO PETITIONER<br><br>ORDER PERMITTING PETITIONER TO FILE A TRAVERSE NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF THIS ORDER<br><br>**DEADLINE: THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion for clarification filed on April 19, 2011.

    On July 14, 2010, the Court directed Respondent to file a response to the petition. Respondent filed an answer on

1

1   September 10, 2010.  (Doc. 17.)  The clerk's docket entry
2   concerning the answer indicates that the traverse was due to be
3   filed by October 15, 2010.  This deadline appears to have been
4   calculated pursuant to the Court's original order of July 14,
5   2010, which set a thirty-day deadline for the filing of a
6   traverse after the filing of the answer.  (Doc. 11, 3:2-5.)
7        In his motion, Petitioner states under penalty of perjury
8   that he did not receive any document after the Court gave him
9   notice of the assignment of a District Judge to the case on
10  August 27, 2010.  (Mot. 1-2.)  He asks for clarification of the
11  documents he has not received and an opportunity to submit input
12  to the Court.
13       Other than the instant motion, the only documents filed
14  since August 27, 2010, are the answer and a notice of
15  Respondent's having filed documentS in paper in connection with
16  the answer.  (Docs. 17-18.)  The Court notes that proofs of
17  service indicate that the answer and notice were served on
18  Petitioner by mail on September 10, 2010.  (Doc. 17, 24:3-19;
19  doc. 18, 4:3-16.)
20       A court has inherent power to control its docket and the
21  disposition of its cases with economy of time and effort for both
22  the court and the parties.  Landis v. North American Co., 299
23  U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
24  (9th Cir. 1992).  In order to avoid further delay in the progress
25  of this case, the Court exercises its discretion to consider
26  Petitioner's motion for clarification to be a request for a copy
27  of the answer and for an extension of time to file a traverse.
28       The Court will direct the Clerk to copy the twenty-four page

1  answer and to send it to Petitioner.

2      Further, Petitioner will be granted time in which to file a
3  traverse.

4      Accordingly, it is ORDERED that:

5      1)  The Clerk of the Court shall MAKE a paper copy of the
6  Respondent's answer (Doc. 17) and of the notice of lodging
7  documents, and shall SERVE the copies on Petitioner with this
8  order; and

9      2)  Petitioner may FILE a traverse no later than thirty (30)
10 days after the date of service of this order.

11

12 IT IS SO ORDERED.

13 **Dated:  April 26, 2011**            /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE