UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PRECIADO PALAMINOS,<br><br>    Petitioner,<br><br>    vs.<br><br>MIKE McDONALD<br><br>    Respondent.<br>_____/ | 1:09-cv-01682-AWI-BAM-(HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(DOCUMENT # 25) |

Petitioner has requested the appointment of counsel.

There currently exists no absolute right to the appointment of counsel in non-capital, federal habeas corpus proceedings. McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958).  The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson, 258 F.2d at 481.

However, a Magistrate Judge may exercise discretion to appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it.  18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases.  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

A district court abuses its discretion in denying an indigent's request for appointed

counsel pursuant to 18 U.S.C. § 3006A(g) if appointment of counsel is necessary to prevent due process violations, such as when the case is so complex that due process violations will occur absent the presence of counsel. Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing Chaney, 801 F.2d at 1196).

Petitioner alleges in his motion for the appointment of counsel that he is illiterate and does not speak English, so it is difficult for him to write and read. Further, it complicates or prevents his use of the law library, and thus he is discriminated against by the California Department of Corrections and Rehabilitation based on his poverty, illiteracy, and non-English-speaking status. He alleges in conclusory fashion that his access to the courts has been obstructed and denied because he is forced to rely on other inmates for help in litigating his case.

In the present case, on January 27, 2012, the Magistrate Judge issued findings and recommendations that the petition be denied. In the petition, Petitioner raised essentially two major contentions, one concerning the sufficiency of the evidence of malice, and another concerning hypothetical questions propounded to an expert witness. Proceeding pro se, Petitioner filed the petition, obtained copies of documents that he lacked, and filed a traverse. The case is not complex. There is no indication from the nature of the case or other circumstances that if counsel were not appointed, due process violations would occur.

Therefore, it is concluded that interests of justice do not require the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is denied.

IT IS SO ORDERED.

**Dated:   February 27, 2012**            /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE