UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PRECIADO PALAMINOS,<br><br>　　　　　Petitioner,<br><br>　　　vs.<br><br>MIKE McDONALD,<br><br>　　　　　Respondent.<br>_____/ | 1:09-cv-01682-AWI-BAM (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(DOCUMENT #31) |

　　　Petitioner has requested the appointment of counsel.

　　　Petitioner alleges that he is unable to speak, read, or write in the English language. He asserts generally that he has an unspecified learning disability, is sick in the head, and cannot learn; he refers to incompetence generally. (Pet. 1-2, 6,8.) Further, he cannot always find people to help him read documents; his former helper has moved. He does not understand how to argue his appeal, and he confused this Court with the Madera County Superior Court. (Id. at 1-2.)

　　　There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson, 258 F.2d at 481.

1   However, a Magistrate Judge may exercise discretion to appoint counsel at any stage
2   of a habeas corpus proceeding if the interests of justice require it.  18 U.S.C. § 3006A; Rule
3   8(c) of the Rules Governing Section 2254 Cases.  A district court evaluates the likelihood of a
4   petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in
5   light of the complexity of the of the legal issues involved.  Weygandt v. Look, 718 F.2d 952,
6   954 (9th Cir. 1983).

7   A district court abuses its discretion in denying an indigent's request for appointed
8   counsel pursuant to 18 U.S.C. § 3006A(g) if appointment of counsel is necessary to prevent
9   due process violations, such as when the case is so complex that due process violations will
10  occur absent the presence of counsel.  Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993)
11  (citing Chaney, 801 F.2d at 1196).

12  With respect to Petitioner's competence to proceed as a party to this lawsuit, as a
13  party proceeding pro se in a civil lawsuit, including a habeas corpus proceeding, Petitioner is
14  entitled to a competency determination when substantial evidence of incompetence is
15  presented.  Fed. R. Civ. P. 17(c); Rule 11 of the Rules Governing Habeas Corpus Cases in the
16  United States District Courts; Allen v. Calderon, 408 F.3d 1150 (9th Cir. 2005).

17  When allegations constituting substantial evidence of incompetence are presented and
18  are not rebutted, a district court is required to treat them as true in deciding whether to dismiss
19  the petition.  Allen v. Calderon, 408 F.3d at 1153.   In Allen, the Court noted that the
20  petitioner had submitted evidence sufficient to support a finding that he suffered from a mental
21  illness, the mental illness prevented him from being able to understand and respond to the
22  court's order, and he was still suffering from the illness during the relevant time period.  Thus,
23  there was sufficient evidence of incompetence at least to require the district court to make a
24  competency determination before dismissing the case for lack of prosecution.

25  However, showing a history of serious mental illness is not enough by itself to
26  constitute substantial evidence of incompetence requiring a court to conduct a competency
27  hearing on that issue.  See, Travalini v. People of California, 2006 WL 842435, at *3 (E.D.Cal.
28

1  March 28, 2006).

2  Here, in the present case, on January 27, 2012, the Magistrate Judge issued findings
3  and recommendations that the petition be denied. In the petition, Petitioner raised essentially
4  two major contentions, one concerning the sufficiency of the evidence of malice, and another
5  concerning hypothetical questions propounded to an expert witness. Proceeding pro se,
6  Petitioner filed the petition, obtained copies of documents that he lacked, and filed a traverse.
7  The case is not complex. There is no indication from the nature of the case that if counsel were
8  not appointed, due process violations would occur.

9  With respect to Petitioner's passing reference to incompetence, Petitioner's lack of
10 English language skills and his generalized assertion of a learning disability do not constitute
11 substantial evidence of incompetence.  Petitioner has not presented evidence that would
12 support a finding that due to mental condition or illness, he is prevented him from being able to
13 understand, and participate in, this proceeding.

14 Further, the information submitted by Petitioner does not indicate that Petitioner's
15 mental condition is such that his due process rights are likely to be violated if he is required to
16 represent himself.

17 Accordingly, the Court does not find that, at this time, the interests of justice require
18 the appointment of counsel. 18 U.S.C. § 3006A.

19 Further, the Court notes that Petitioner has brought three, successive motions for the
20 appointment of counsel.

21 The Court does not find that the interests of justice require the appointment of
22 counsel at the present time.  Accordingly, IT IS HEREBY ORDERED that Petitioner's request
23 for appointment of counsel is denied.

24 IT IS SO ORDERED.

25 Dated:   **April 19, 2012**                          /s/ **Barbara A. McAuliffe**
                                                         UNITED STATES MAGISTRATE JUDGE